# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DARRELL JACKSON,

    Plaintiff,

v.

LITTON LOAN SERVICING LP, *et al.*,

    Defendants.

Case No. 2:10-CV-01520-KJD-GWF

**ORDER**

    Before the Court is the Motion to Dismiss filed by Litton Loan Servicing LP (#7). Plaintiff filed an opposition (#9) and Defendant Litton filed a reply (#14). Litton also filed a Supplement to the Motion to Dismiss (#19).

I. Background

    Plaintiff was the owner of a property located at 1848 Longmeadow Street, Henderson, Nevada (the "Property"). Defendant filed a Notice of Default on January 25, 2008. Plaintiff again defaulted on his mortgage and a Notice of Default was recorded on January 22, 2009. A Notice of

Trustee's Sale was recorded on April 22, 2009.  In May 2009, the Notice of Default was rescinded and a loan modification was executed.  Plaintiff again failed to pay his mortgage and another Notice of Default and Election to Sell was recorded on September 23, 2009.  Plaintiff avers that he never received documents relating to statutory mediation.  Plaintiff also avers that the "Default was rescinded on October 5, 2010 [sic]."[1] (Compl. ¶ 12.)  A Notice of Trustee's Sale was recorded on March 16, 2010 and the sale was completed on August 2, 2010.  Plaintiff filed this action in Nevada state court on July 29, 2010 and recorded a lis pendens that same day.

Plaintiff's complaint alleges causes of action for wrongful foreclosure, promissory estoppel, and misrepresentation, and seeks preliminary and permanent injunctions.

II.  Discussion

   A.  Legal Standard

In considering a motion to dismiss for failure to state a claim under FRCP 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir.1998).  Consequently, there is a strong presumption against dismissing an action for failure to state a claim.  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.1997) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The *Iqbal* evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51.  Second, the Court considers the

---

[1] The Court presumes that Plaintiff means 2009.

factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

### B. Wrongful Foreclosure

Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. See Collins v. Union Federal Sav. & Loan Ass'n, 99 Nev. 284, 662 P.2d 610, 623 (Nev.1983) (reversing summary judgment where there was a dispute of fact about whether nonpayment was appropriate). Proper foreclosure procedures must be followed or the sale will be invalid. See Rose v. First Fed. Sav. and Loan, 105 Nev. 454, 777 P.2d 1318 (1989) (trustee's sale invalid where notice requirements not satisfied).

Plaintiff admits that he was in default. Plaintiff claims that the foreclosure was wrongful because Defendant failed to comply with procedural rules. Specifically, Plaintiff avers that the September 23, 2009 Notice of Default was rescinded and that the procedures for mediation were not followed because he never received the Election to Mediate Form.

### 1. Notice of Default

Plaintiff's contention that the October 5, 2009 Notice of Rescission rescinded the September 23, 2009 Notice of Default is simply wrong. The Notice of Rescission clearly states that it relates to the January 25, 2008 Notice of Default.[2] Plaintiff acknowledged this fact in his opposition. Plaintiff failed to meaningfully address the failure to recognize the clearly worded language of the Notice of Rescission. Instead, Plaintiff simply attempted to excuse the carelessness with which this argument was made by stating "it would be reasonable to assume that a recision [sic] which comes approximately three weeks after the Notice of Default would be a recision [sic] for said Default." (Opp at 3.) This is not a meaningful response and Plaintiff's argument is waived. See Local Rule 7-

---

[2] The Court takes judicial notice of documents that are not subject to reasonable dispute and are in the public record, pursuant to Fed. R. Evid. 201. Consideration of these documents is appropriate at the motion to dismiss stage. See Branch v. Tunnell, 14 F3d 449, 454 (9th Cir. 1994).

2. Good cause exists to grant the Motion and accordingly, the Court grants Defendant's Motion to Dismiss the claim for wrongful foreclosure based on the Notice of Default issue.

### 2. Election to Mediate Form

Defendant seeks to introduce the Affidavit of Julie A. Butler in support of its argument that the Election to Mediate Form was sent to Plaintiff. Pursuant to Fed. R. Civ. P. 12(d), introduction of outside evidence converts Defendant's attempt to dismiss this claim to a motion for summary judgment. Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e). All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Defendant engaged National Default Servicing Center ("NDSC") to process the documents at issue. Ms. Butler, a supervisor at NDSC has submitted an Affidavit stating that in September and October 2009, it was NDSC's business practice to send the Election to Mediate form to the defaulted borrower along with the Notice of Default. Ms. Butler's affidavit states that the Notice of Default was sent to Plaintiff on September 23, 2009 and mailed by certified mail to Plaintiff at the Property. Defendant has provided the certified mailing receipts from the United States Postal Service showing delivery of the Notice of Default to Mr. Jackson.

1    Mailing of a document gives rise to a presumption of receipt. <u>Hanknis v. Adm'r of Veterans
2    Affairs</u>, 555 P.2d 483, 484 (Nev.1976). Courts in this District have granted summary judgment
3    where a plaintiff claimed not to have received a Notice of Trustee's Sale, but an affidavit submitted
4    by defendants attested to the mailing of the Notice. <u>Olivas v. Carrington Mortgage Loan Trust</u>, 2010
5    WL 1815804, *4 (D.Nev. 2010) (plaintiff's argument that contents of mailing "could have been
6    something else" insufficient to defeat summary judgment). Defendant has adduced evidence
7    showing that it was the practice of NDSC to mail the Election to Mediate Form along with the Notice
8    of Default. They have demonstrated that Plaintiff received the mailings from NDSC. This is
9    sufficient evidence to shift the burden to Plaintiff. <u>Zenith Radio Corp.</u>, 475 U.S. at 587. Plaintiff has
10   offered no evidence to demonstrate a dispute of fact on this issue. Accordingly, summary judgment
11   is granted in favor of the Defendant on the claim for wrongful foreclosure based on failure to send
12   the Election to Mediate Form.
13        C.  <u>Promissory Estoppel</u>
14        To state a claim for promissory estoppel a plaintiff must plead facts showing that (1) the party
15   to be estopped was apprised of the true facts; (2) he intended that his conduct should be acted upon,
16   or must have acted so that the party asserting estoppel had the right to believe it was so intended; (3)
17   the party asserting the estoppel was ignorant of the true state of facts; (4) the party must have relied
18   to his detriment on the conduct of the party to be estopped. See <u>Pink v. Busch</u>, 691 P.2d 456, 459
19   (1984). In general, the party claiming estoppel must specifically plead all facts relied on to establish
20   its elements. <u>Nevada Nat. Bank v. Huff</u>, 94 Nev. 506, 582 P.2d 364, 371 (Nev.1978), see also <u>Patriot
21   Scientific Corp. v. Korodi</u>, 504 F.Supp.2d 952, 967 (S.D.Cal.2007) (quoting <u>Smith v. City of San
22   Francisco</u>, 225 Cal.App.3d 38, 275 Cal.Rptr. 17, 23 (Cal.Ct.App.1990)). Indeed, courts in this
23   District have held that the heightened pleading standard of Fed. R. Civ. P. 9(b) applies to estoppel
24   claims. See <u>Hasan v. Ocwen Loan Servicing, LLC</u>, 2010 WL 2757971, 2 (D.Nev. 2010).
25        Here, Plaintiff's complaint does not state a claim for promissory estoppel. Plaintiff claims to
26   have "relied to his detriment that foreclosure would not occur and that a modification agreement

would be executed between the parties herein." (Compl. ¶ 25.) But Plaintiff acknowledges that he was "told that the sale will occur on August 2, 1010." (Compl. ¶ 14.) Plaintiff does not state who made statements suggesting that the loan would again be modified or that sale would not occur, when these statements were made, or why reliance on them was appropriate. This is insufficient to show that Plaintiff is entitled to relief and accordingly, the promissory estoppel claim is dismissed.

### D. Misrepresentation

Plaintiff also avers that "Defendant has conducted a misrepresentation by making representations that foreclosure would no occur during the modification process." (Comp. ¶ 32.) Plaintiff does not indicate whether the claim is for intentional or negligent misrepresentation. However, both these claims must be pled with particularity in accordance with Fed. R. Civ. P. 9(b). See Federal Trade Com'n v. Ivy Capital, Inc., 2011 WL 2118626 (D.Nev. 2011). In order to meet the heightened pleading requirements of Rule 9(b) a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir.2009); see also, Yourish v. Cal. Amplifier, 191 F.3d 983, 993 n. 10 (9th Cir.1999); Parnes v. Gateway 2000, 122 F.3d 539, 549–50 (8th Cir.1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Plaintiff fails to indicate the facts of the misrepresentation, as discussed *supra,* and acknowledges that he was told that the sale would take place. This is insufficient to state a claim for misrepresentation and accordingly, the claim is dismissed.

### E. Injunctive Relief

Injunctive relief is not a separate cause of action or an independent ground for relief. See In re Wal–Mart Wage & Hour Employ. Practices Litig., 490 F.Supp.2d 1091, 1130 (D.Nev. 2007) (dismissing the count for injunctive relief because it was not an independent ground for relief or a separate cause of action). Since the Court has dismissed each of Plaintiff's underlying claims, he is not entitled to injunctive relief.

III. Conclusion

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Litton Loan Servicing LP (#7) is **GRANTED.**

DATED this 30th day of September 2011.

_____
Kent J. Dawson
United States District Judge